UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

U.S. Bank, National Association,
As Trustee for the GSAMP Trust 2006-NC1
Mortgage Pass-Through Certificates
Series 2006-NC1 and Deutsche Bank
National Trust Company, As Trustee
for IndyMac INDX Mortgage
Loan Trust 2007-AR1, Mortgage
Pass-Through Certificates Series 2007-AR1,

            Plaintiffs,

-against-

Samuel Osuji, Asset Allocation Services, LLC,
N City Corp. Builders, Inc., Ayhaza Management
Group, LLC, Chima Williams, Fidelis Mgbeahuru,
And John Does 1 through 10,

            Defendants.
-------------------------------------------------------------------------X

For Online Publication Only

FILED
CLERK
9:44 am, Mar 13, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM & ORDER**
18-mc-00821 (JMA) (ARL)

**AZRACK, United States District Judge:**

   This matter involves an Adversary Complaint filed by U.S. Bank, National Association, as Trustee for the GSAMP Trust 2006-NS1 Mortgage Pass-Through Certificates, Series 2006-NC1 ("US Bank") and Deutsche Bank National Trust Company, as Trustee for Indymac INDX Mortgage Loan Trust 2007-AR1, Mortgage Pass Through Certificates Series 2007-AR1 ("Deutsche Bank") (collectively, Plaintiffs") against several Debtor Parties ("Defendants") in the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court").[1] (See Adversary Complaint ("A.C."), No. 8-17-08248, Dkt. No. 1.)

---

[1] The Debtor Parties include debtor Samuel Osuji ("Debtor"), Asset Allocation Services, L.L.C. ("AAS"), N City Corp., Builders Inc. ("N City"), Ayhaza Management Group LLC ("Ayhaza MG"), Chima Williams ("Williams"), Fidelis Mgbeahuru ("Mgbeahuru"), John Does 1-100 and any other third party affiliated with, acting on behalf of or for the benefit of any of the foregoing (collectively, "Debtor Parties" or "Defendants").

Plaintiffs move pursuant to 28 U.S.C. § 157(d) to withdraw the reference of the adversary proceeding from the Bankruptcy Court. For the reasons below, Plaintiffs' motion is DENIED without prejudice and with leave to renew when (and if) the case is ready to proceed to trial.

## I. DISCUSSION

District courts "have original but not exclusive jurisdiction of all civil proceedings arising under [T]itle 11, or arising in or related to cases under [T]itle 11."[2] 28 U.S.C. § 1334(b). In this district, a standing order automatically refers all proceedings arising under Title 11 to the bankruptcy court. Eastern District Administrative Order 264 (1986) ("1986 Standing Order"); see Thaler v. Parker, 525 B.R. 582, 584 (E.D.N.Y. 2014). Nevertheless, a "district court may withdraw, in whole or in part, any case or proceeding" referred to a bankruptcy court "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Two words in Section 157 are relevant here: "cause" and "timely."

### A. **Timeliness**.

The motion for withdrawal is timely.

Section 157 does not itself define "timely," but courts in this Circuit "have defined timely to mean as soon as possible after the moving party has notice of the grounds for withdrawing the reference." Roman Cath. Diocese of Rockville Ctr. v. Certain Underwriters at Lloyds, London & Certain London Mkt. Companies, 634 B.R. 226, 233 (S.D.N.Y. 2021) (citation and internal quotation marks omitted); Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 2020 WL 5370576, at *3 (S.D.N.Y. Sept. 8, 2020). "Delay for tactical reasons, such as forum shopping, or which prejudices the opposing party or the administration of justice, can be grounds for denying a

---

[2] This Court would also appear to have jurisdiction over this case under 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds $75,000, and complete diversity of citizenship exists between the parties.

withdrawal motion as untimely." In re FMI Forwarding Co., 2005 WL 147298, at *6 (S.D.N.Y. Jan. 24, 2005) (citations omitted).

Most cases in which motions to withdraw the reference were held untimely involved significantly longer delays than six months. See In re WorldCom, Inc., 2006 WL 2129309, at *2 (S.D.N.Y. Jul. 26, 2006) (motion was untimely where over 18 months had elapsed between debtor's objection to proof of claim and claimant's motion to withdraw the reference); see also In re FMI Forwarding Co., 2005 WL 147298, at *7 (motion was untimely when made 18 months after movant became aware of grounds for the motion); Rickel & Assocs., Inc. v. Smith (In re Rickel & Assocs., Inc.), 2003 WL 23021972, at *2 (S.D.N.Y. Dec. 24, 2003) (motion was untimely when filed 31 months after commencement of adversary proceeding); Connolly v. Bidermann Indust. U.S.A., Inc., 1996 WL 325575, at *3 (S.D.N.Y. June 13, 1996) (motion was untimely when filed after an 8-month delay); In re The VWE Grp., Inc., 359 B.R. 441, 446 (S.D.N.Y. 2007) (motion to withdraw the reference was timely where it was brought four and half months after an adversary proceeding complaint was filed—a period that is less than, but much like, this case); Guevoura Fund Ltd. v. Sillerman, 2018 WL 6713124, at *3 (S.D.N.Y. Dec. 3, 2018) (same).

Conversely, those cases where motions were denied as untimely after only a few months involved very clear indications of tactical delays and forum-shopping after the bankruptcy judge made intermittent findings adverse to the moving party. See Lone Star Indus. v. Rankin County Econ. Dev. Dist. (In re New York Trap Rock Corp.), 158 B.R. 574, 577 (S.D.N.Y. 1993) ("Forum shopping efforts pursued by awaiting a decision relevant to the merits and then bypassing or filing a motion to transfer should not be rewarded with success"); see also In re Northern Boulevard Automall, LLC, 2022 WL 5184729, at *2 (E.D.N.Y. Oct. 5, 2022) (holding plaintiffs' motion

"scream[ed] of forum shopping" where they waited until after receiving the Defendants' motions to dismiss; that timing suggests Plaintiffs were "attempting to preempt the Bankruptcy Court from deciding the pending" motion); Laine v. Gross, 128 B.R. 588, 589 (D. Me. 1991) ("Only after the Bankruptcy Court denied their motion to dismiss, having invested a significant amount of time and energy, did Defendants try another tack and seek withdrawal of the reference.").

Applying these principles, Plaintiffs' motion for withdrawal is timely. Plaintiffs moved to withdraw the reference six months after filing their Adversary Complaint, compare A.C., No. 8-17-08248, Dkt. No. 1. (Sept. 15, 2017), with Mot. for Withdrawal, No. 18-mc-0021, Dkt No. 1 (Mar. 14, 2018), and seven weeks after Chief Judge Trust made them aware of the grounds for their motion, compare Hearing (Jan. 23, 2018), with Mot. for Withdrawal (March 14, 2018). In the Court's view, there is no clear indication that Plaintiffs are forum-shopping. Nor can they be accused of evading an adverse finding below because none has been issued prior to their filing of the motion to withdraw the reference.[3] The Court therefore finds that Plaintiffs' motion was timely filed.

**B.** <u>Cause</u>.

But Plaintiffs' motion fails at this juncture because they have not shown cause.

Courts in this circuit consider several factors in determining whether a party has shown "cause" to withdraw a reference. In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993),

---

[3] At the time Plaintiffs moved to withdraw the reference, Defendants had filed a motion to dismiss the Adversary Complaint, but the Bankruptcy Court had not yet ruled on the motion. Compare No. 8-17-08248, Dkt. No. 19 (Nov. 14, 2017) (motion to dismiss), with No. 8-17-08248, Dkt. No. 50 (Mar. 21, 2018) (first mention of the motion to withdraw the reference filed with this Court). Plaintiffs had filed an ex parte motion for a preliminary injunction but that had not been decided either. Compare No. 8-17-08248, Dkt. No. 2 (Sept. 15, 2017) (preliminary injunction motion), with No. 8-17-08248, Dkt. No. 50 (Mar. 21, 2018) (first mention of the motion to withdraw the reference filed with this Court). So, Plaintiffs were not attempting to evade an adverse finding by moving to withdraw the reference.

instructed district courts to first assess whether a case involved "core matters," which bankruptcy courts have statutory authority to decide, or "non-core matters," as to which bankruptcy courts have statutory authority only to issue "proposed findings of fact and conclusions of law" subject to de novo review by the district court, 28 U.S.C. § 157. This threshold determination, the Orion Court stated, is "th[e] issue [on which] questions of efficiency and uniformity will turn." Orion, 4 F.3d at 1101. After deciding that question, the Orion Court instructed, a court should consider whether the claim is "legal or equitable" and weigh "considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." Id. "Whether . . . the litigants are afforded the right to a jury trial is another consideration in determining whether the reference should be withdrawn." Secs. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC, 2023 WL 6122905, at *9 (S.D.N.Y. Sept. 18, 2023) (citing McCord v. Papantoniou, 316 B.R. 113, 122 (E.D.N.Y. 2004)).

Orion predates Stern v. Marshall, 564 U.S. 462 (2011), in which the Supreme Court held that bankruptcy courts lack authority to issue final judgment in even some "core" proceedings. Id. at 469, 482. Since Stern, many courts have treated the first-stage inquiry as whether the bankruptcy court has authority to finally adjudicate the matter, rather than whether the claim is core or non-core. See, e.g., In re Lyondell Chem. Co., 467 B.R. 712, 719 (S.D.N.Y. 2012); Messer v. Magee (In re FKF 3, LLC), 2016 WL 4540842, at *6 (S.D.N.Y. Aug. 30, 2016); In re Northern Boulevard Automall, LLC, 2022 WL 5184729, at *3. The Court does so here, "because the core/non-core determination"—since it "is no longer dispositive of a bankruptcy court's authority to enter a final determination"—is "no longer" the issue on which "questions of efficiency and uniformity will turn." Dynegy Danskammer, LLC v. Peabody Coaltrade Intern. Ltd., 905 F. Supp. 2d 526, 530 (S.D.N.Y. 2012) (internal quotations omitted).

5

Applying this framework, the Plaintiffs have not shown cause to withdraw the reference. To be sure, the first factor—whether the Bankruptcy Court has the authority to enter final judgment—weighs in favor of withdrawal. Plaintiffs argue—and Defendants do not dispute—that their New York state common-law fraud and deceit claims all involve private rights that may not be finally adjudicated by the Bankruptcy Court. (See No. 18-mc-00821, Pls.' Rep. Br. ¶ 30, Dkt. No. 4.)

But even when a bankruptcy court lacks authority to enter final judgment, "this factor is not dispositive of a motion to withdraw a reference."[4] In re Ne. Indus. Dev. Corp., 511 B.R. 51, 53 (S.D.N.Y. 2014) (collecting cases); In re Northern Boulevard Automall, LLC, 2022 WL 5184729, at *3. And the Court concludes most of the remaining Orion factors weigh against Plaintiffs.[5] Accordingly, taking the Orion factors together, Plaintiffs have not demonstrated cause to withdraw the reference. Their motion is therefore denied without prejudice and with leave to renew. Plaintiffs may renew their motion if and when the case is ready to proceed to trial.[6] In re

---

[4] A determination that a bankruptcy court lacks authority to enter final judgment does not mandate withdrawal of the bankruptcy reference. Mazer-Marino v. Macey (In re Jacoby & Meyers—Bankr. LLP), 2017 WL 4838388, at *4 (S.D.N.Y. Oct. 25, 2017) (collecting cases). While it may lack final adjudicative authority, "[t]he bankruptcy court [may] hear the proceeding and submit proposed findings of fact and conclusions of law to the district court for de novo review and entry of judgment." Executive Benefits Ins. Agency v. Arkison, 573 U.S. 25, 36 (2014); see also U.S. Lines, Inc. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. (In re U.S. Lines, Inc.), 197 F.3d 631, 636 (2d Cir. 1999)). That is so even where a party demands a jury trial because "assertion [of the jury trial right] ... does not detract from [the bankruptcy court's] power to issue proposed findings of fact and conclusions of law... The right to a jury trial is implicated only if the party survives a dispositive motion, such as a summary judgment motion." In re Big Apple Volkswagen, LLC, 2016 WL 1069303, at *8 (S.D.N.Y. Bankr. Mar. 17, 2016).

[5] For example, the "Bankruptcy Court will be the more efficient arbiter." In re Northern Boulevard, 2022 WL 5184729, at *3. The Bankruptcy Court is most familiar with the facts of the adversary proceeding, having presided over it for several years, and held numerous hearings. (See generally No. 8-17-08248.) The Bankruptcy Court is also deeply familiar with the facts of the underlying Chapter 7 petition, having entered numerous orders and held many hearings over the course of more than 150 docket entries. (See generally No. 8-15-75534.) "In light of its involvement in this action to date, the Bankruptcy Court is familiar with the facts of the case and is well positioned to handle this adversary proceeding." In re Northern Boulevard, 2022 WL 5184729, at *3 (quoting In re Jacoby & Meyers —Bankruptcy LLP, 2017 WL 4838388, *5 (S.D.N.Y. Oct. 25, 2017) (collecting cases)).

[6] Plaintiffs' Adversary Complaint asserts both equitable and legal claims. (See A.C. ¶¶ 164–263, Dkt. No. 1.) It does not appear, however, that Plaintiffs have ever asserted their right to a jury trial on their legal claims.

Ne. Indus. Dev. Corp., 511 B.R. at 54 ("Courts have denied motions to withdraw a reference in cases involving legal claims and jury demands where they have found that it would be more efficient for the Bankruptcy Court to handle pre-trial matters."); In re Lehman Bros. Holdings Inc., 532 B.R. 203, 215 (S.D.N.Y. 2015) ("Plaintiffs' right to a jury trial, even if coupled with a finding that the Bankruptcy Court cannot enter final judgment, does not compel withdrawing the reference until the case is ready to proceed to trial.") (internal quotation marks omitted)).

## II. CONCLUSION

Because Plaintiffs have failed to show cause, their motion for withdrawal of the reference is DENIED without prejudice and with leave to renew when (and if) the case is ready to proceed to trial.

**SO ORDERED.**

Dated: March 13, 2024
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

7